**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY P. MARRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: 1:11-CV-2584 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| EBY-BROWN COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Eby-Brown Company's motion to dismiss [11] Counts III-VI of Plaintiff Gregory P. Marron's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants Defendant's motion [11].

**I.     Background**[1]

On or around June 11, 2007, Marron began employment as an IT Network Manager for Eby-Brown. ¶ 6. The terms and conditions of Marron's employment were stipulated in a written agreement dated May 22, 2007, which was signed by Marron, Marron's manager, and Eby-Brown's Executive Vice President of Human Resources. ¶ 7. During his employment, Marron proved to be a "diligent and conscientious worker," and "fulfilled all requirements for his job." ¶ 8. However, Marron experienced criticism and daily harassment by his coworkers and management officials on account of his religion–Jehovah's Witness. ¶¶ 3, 9. Marron reported the criticisms and harassment during his employment to Eby-Brown management, but no remedial action was taken. ¶ 10. To the contrary, Marron's reporting resulted in even more

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the Plaintiff's complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Unless otherwise specified, all citations in this section correspond to Plaintiff's complaint.

criticism and harassment.  ¶ 11.

Marron alleges that on or about December 6, 2010, Eby-Brown terminated his employment because of his religious beliefs.  ¶ 13.  Eby-Brown agents reported to various persons that Marron's termination was due to poor performance.  ¶ 16.  Upon Marron's termination, he was asked to sign an agreement not to sue Eby-Brown.  ¶ 15.  Marron refused to sign the agreement, at which time Eby-Brown threatened Marron with losing his rights to unemployment compensation.  ¶ 15.  Eby-Brown hired a replacement for Marron who was not a Jehovah's Witness.  ¶ 14.

About one month after Marron's termination, on January 10, 2011, Marron filed a charge of religious discrimination and retaliation, charge number 440-2011-01708.  ¶ 5.  The same month, Marron received a right-to-sue letter.  ¶ 5.  The complaint fails to specify with whom Marron filed a charge of religious discrimination and retaliation, or from whom Marron received a right-to-sue letter.  Marron then filed a six-count complaint against Eby-Brown, alleging Count: (I) Violation of Title VII of the Civil Rights Act of 1964 (Discrimination); (II) Violation of Title VII of the Civil Rights Act of 1964 (Retaliation); (III) Breach of Contract; (IV) State Law Wrongful Discharge; (V) Defamation; and (VI) Violation of Illinois Human Rights Act.  On June 9, 2011, Defendant filed a motion to dismiss Counts III-VI pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

## II.     Legal Standard for Rule 12(b)(6) Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case.  See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 569 n.14). In other words, the pleading must allege facts that plausibly suggest the claim asserted. *Twombly*, 550 U.S. at 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (omission in original). The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn there from. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III.    Analysis

### A.    Count III: Breach of Contract

Marron alleges that his employment agreement with Eby-Brown contained an implied condition of good faith and fair dealing and other conditions that Eby-Brown breached when it terminated Marron's employment based on his religion and opposition to religious discrimination. Eby-Brown moves to dismiss Count III, claiming that: (1) Marron is an at-will employee, which precludes him from claiming breach of contract; and (2) Illinois law prohibits a claim of breach of an implied covenant of good faith and fair dealing.

### 1. Breach of Contract

Under Illinois law, a plaintiff asserting breach of contract must allege: (1) "the existence of a valid and enforceable contract"; (2) that he or she substantially performed on the contract; (3) that the defendant breached the contract; and (4) that damages resulted from the alleged breach of contract. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004)).

Eby-Brown argues, however, that the Court should not reach the question of whether Marron properly alleged a breach of contract claim because Marron was an at-will employee, and "[i]n Illinois, at-will employees have no enforceable contract rights against their employers." *Emery v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 2003 WL 22176077, *8 (N.D. Ill. Sep. 18, 2003). Citing *LaScola v. U.S. Sprint Commc'ns*, Eby-Brown contends that in Illinois employment relationships are presumed to be at-will, and thus a party's employment can be terminated at anytime without notice or cause. 946 F.2d 559, 563-64 (7th Cir. 1991). Moreover, the at-will presumption can only be overcome by a showing that the parties contracted otherwise, which requires an agreement stipulating that the employee could only be terminated for cause or a certain term of employment. *LaScola*, 946 F.2d at 563-64. Eby-Brown argues that Marron's claim must be dismissed because Marron failed to allege that his employment agreement included a provision that he could only be terminated for cause or that his employment was to continue for certain term. See *Emery*, 2003 WL 22176077 at *8; *Beesen-Swars v. Duane Morris LLP*, 2007 WL 2128348 *13 (N.D. Ill. July 24, 2007).

The Court agrees with Defendant. Plaintiff has failed to establish the existence of an agreement that overrides the presumption that his employment was at-will. Mere reference to an

employment agreement—without even an allegation that the contract was for a specific duration of time—is not enough. *Donnelli v. Peters Securities Co.*, 2002 WL 2003217, *5 (N.D. Ill. Aug. 29, 2002) (granting motion to dismiss breach of contract claim where plaintiff failed to allege that contract provided for a specific duration of the contract); *Obrian v. Omni Pro Electronics, Inc.*, 1996 WL 459853, *4 (N.D. Ill. Aug. 13, 1996) (dismissing plaintiff's claim that defendant breached the contract where contract did not specify duration,); see also *Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). Consequently, under Illinois law and federal pleading standards, Marron's claim for breach of contract fails.[2]

### 2. Breach of an Implied Covenant of Good Faith and Fair Dealing

Marron's claim for breach of contract also makes an allegation that Eby-Brown breached an implied covenant of good faith and fair dealing. Defendant argues that even if the Court accepts Claim III as a claim for breach of implied covenant of good faith and fair dealing, Marron's claim still fails. The Court agrees for multiple reasons.

First, the covenant of good faith and fair dealing is an implied principle of construction read into all contracts and does not create an independent cause of action. *LaScola*, 946 F.2d at 565 (citations omitted). Second, an employment at-will relationship "gives the employer the right to terminate the employment at any time. Therefore, it is incongruous to imply a covenant [the implied covenant of good faith and fair dealing] which restricts that right." *LaScola*, 946 F.2d at 565 (quoting *Harrison v. Sears, Roebuck & Co.,* 546 N.E.2d 248, 256 (Ill. App. Ct. 4th Dist.1989)). Furthermore, even if Marron was able to prove that he was not an at-will employee,

---

[2] Marron's claim cannot be saved by the public policy exception to the at-will employment presumption discussed in *LaScola*. 946 F.2d at 563-64. The public policy exception applies only to retaliatory discharge claims, not to breach of contract claims. See *Robinson v. Morgan Stanley*, 2008 WL 4874459, *9 (N.D. Ill. Jun. 18, 2008); *Cunningham v. UTI Integrated Logistics, Inc.*, 2010 WL 1558718, *3 (N.D. Ill. Apr. 19, 2010).

employees "who have expressly bargained for permanent employment, have a right of action based on the contract itself, and do not need tort principles." *Martin v. Fed. Life Ins. Co.*, 440 N.E.2d 998, 1006 (Ill. App. Ct. 1st Dist. 1982). In other words, regardless of whether an employee is at-will, "Illinois courts, and courts in [the Northern District of Illinois] applying Illinois law, have consistently recognized that no cause of action exists for an alleged breach of a covenant of good faith and fair dealing between an employer and employee." *Ring v. R.J. Reynolds Indus. Inc.*, 597 F. Supp. 1277, 1281 (N.D. Ill. 1984) *aff'd, appeal dismissed sub nom. Ring v. R.J. Reynolds Indus., Inc.*, 804 F.2d 143 (7th Cir. 1986). Accordingly, Defendant's motion to dismiss Count III—both for breach of contract and for breach of covenant of good faith and fair dealing—is granted.

### B.      Count IV: State Law Wrongful Discharge

In Count IV, Marron claims that Eby-Brown violated Illinois law when it terminated him because of his religion. Eby-Brown argues that the Court should dismiss Count IV because a terminated employee cannot sue his employer for wrongful discharge generally, and even if Marron was more appropriately attempting to state a cause of action for retaliatory discharge, the Illinois Human Rights Act ("IHRA") preempts such a claim. The Court agrees with Defendant.

"Illinois does not permit a terminated employee-at will to sue his employer generally for wrongful discharge." *Banks v. Chicago Board of Education*, 895 F. Supp. 206, 209 (N.D. Ill. 2005); see also *Patel v. Boghra*, 2008 WL 2477695, *5 (N.D. Ill. 2008). Rather, employees "may bring an action for retaliatory discharge." *Id*. But even if the Court reads Count IV as a claim for retaliatory discharge, Marron's claim still fails. Under Illinois law, to state a cause of action for retaliatory discharge the plaintiff must allege that: (1) he was discharged, (2) in retaliation for his activities, and (3) the discharge violates a clear mandate of public policy. See *Patel*, 2008 WL 2477695 at *5. Illinois courts have only recognized two types of cases in which

"clearly mandated public policy" exists: (1) cases where the employee suffered an injury and was later discharged after filing a Workers Compensation claim, and (2) cases where the employee was discharged because he reported illegal conduct. *Id*. Illinois courts "have not extended this tort to situations where a plaintiff alleges that the public policy violated is the policy contained in the Illinois Human Rights Act." *Ring*, 597 F. Supp. at 1280. In this case, Marron's allegation of wrongful or retaliatory discharge based on religion and his opposition to religious discrimination is expressly dealt with in the IHRA. 775 ILCS 5/1-102(A)("It is the public policy of this State . . . [t]o secure for all individuals within Illinois the freedom of discrimination against any individual because of his or her . . .religion. . . in connection with employment."). Accordingly, Claim IV is preempted by the IHRA. See *Tally v. Wash. Inventory Serv*., 37 F.3d 310, 311-13 (7th Cir. 1994) (dismissing plaintiff's retaliatory discharge claim based on alleged martial status discrimination, where claim was actionable under IHRA); *Stoecklein v. Ill. Tool Works, Inc*., 589 F. Supp. 139, 145 (N.D. Ill. 1984) (refusing to allow an independent cause of action for public-policy retaliatory discharge based on employee's termination due to refusal to accept discriminatory demotion because the public policy was embodied in IHRA).

## C.    Count V: Defamation

Marron claims that Eby-Brown violated Illinois law when it defamed him by falsely advising multiple people that Marron failed to perform his employment properly. Eby-Brown moves to dismiss Marron's defamation claim, arguing that Marron's complaint fails to allege specific defamatory statements and that any vague defamatory statements alleged by Marron are merely an expression of opinion.

Under federal notice pleading standards, a plaintiff claiming defamation must, "plead the specific words alleged to be actionable" so that the defendant can "form responsive pleadings."

*Woodward v. Am. Family Mut. Ins. Co.*, 950 F.Supp. 1382, 1388 (N.D. Ill. 1997) (dismissing plaintiff's defamation claim for failure to specify the allegedly defamatory material). Here, Marron only alleges that Eby-Brown advised "a number of persons that [Marron] was discharged because of his having failed to properly perform his job." Compl. ¶ 43. The complaint thus fails to specifically identify any of the alleged false statements, and Plaintiff dose not advance any argument in response to the pleading deficiency in his response brief. See *Woodward*, 950 F. Supp. at 1382.

Moreover, the Court notes that even if Plaintiff had sufficiently identified the allegedly defamatory statement, his current assertion that people were told he was discharged because he "failed to properly perform his job" is a non-actionable opinion. See *Giant Screen Sports v. Canadian Imperial Bank,* 553 F.3d 527, 534-35 (7th Cir. 2009) (expressions of opinion are protected as long the opinion cannot be reasonably interpreted as stating an actual fact); see also *Manjarres v. Nalco Co*., 2010 WL 918072, *3-4 (N.D. Ill. Mar. 9, 2010) (holding that statements that plaintiff was "unprofessional" and "incompetent" were non-actionable opinions); *Hopewell v. Witullo*, 299 Ill.App.3d 513, 519 (1st Dist. 1998) (holding that statement that plaintiff was "fired because of incompetence" was non-actionable). Therefore, the Court grants Eby-Brown's motion to dismiss Count V.

### D. Count VI: Violation of the Illinois Human Rights Act (IHRA)

Finally, Marron alleges that Eby-Brown "violated the [IHRA] by harassing him, subjecting him to different terms and conditions of employment and discharging him based on his religion and his opposition to religious discrimination." Compl. ¶ 49. Eby-Brown moves to dismiss Count VI arguing that Marron failed to comply with applicable administrative prerequisites for filing an IHRA claim.

8

Under the IHRA, a plaintiff alleging violations of certain public policies, including religious discrimination, must initially "file[] a charge of discrimination with the Department of Human Rights." *Mein v. Masonite Corp.,* 485 N.E.2d. 312, 314 (Ill. 1985). Only after an aggrieved party exhausts all administrative remedies may the party seek review in the courts. *Peters v. Fansteel, Inc.*, 736 F. Supp. 198, 201 (N.D. Ill. 1990), cited in Ill. Rev. Stat. 1989, ch. 68, § 8-111; see also *Mein*, 485 N.E.2d at 314-15.

According to the complaint, Marron filed a charge of religious discrimination and retaliation on January 10, 2011. He reportedly received a right-to-sue letter dated January 24, 2011. Marron reports no other administrative actions to indicate that he has exhausted the administrative remedies provided by, and required under, the IHRA. See, *e.g.*, *Peters*, 736 F. Supp. at 201 (explaining that "even assuming the EEOC referred plaintiff's charge to the [Illinois Department of Human Rights], [plaintiff] has not alleged exhaustion of the administrative remedies provided under the Act, and therefore plaintiff's complaint does not state a cause of action under the Act"); *Muellner v. Mars, Inc.*, 714 F. Supp. 351, 354 (N.D. Ill. 1989) (dismissing plaintiff's claim for failing to comply with the IHRA). Without more, these bare allegations do not inform the Court, or Eby-Brown, as to whether Marron filed a charge or received a notice from the Illinois Department of Human Rights as required under the IHRA. Consequently, Marron's Count VI does not state a cause of action under the IHRA, and Eby-Brown's motion to dismiss Count VI of Marron's complaint is granted.

## IV.      Conclusion

For the reasons set forth above, the Court grants Defendant's motion to dismiss Counts III-VI.[3]

Dated:  January 23, 2012                        _____

                                                                        Robert M. Dow, Jr.
                                                                        United States District Judge

---

[3] Dismissal is without prejudiced to Plaintiff filing a motion for leave to amend his complaint within 21 days if he believes that he can cure any of the deficiencies identified in this opinion.